### PEOPLE *v.* WOLFF.

1. CRIMINAL LAW—EMBEZZLEMENT—TITLE.

   Although the respondent charged with embezzlement claimed that he retained funds of his employer in his hands to secure his compensation, it was not error to submit the case to the jury, under the testimony that no compensation was payable until the funds were turned over.

2. SAME—ARGUMENT OF COUNSEL.

   In the absence from the record of counsel's argument, the court cannot say that error was committed in instructing the jury that defendant's counsel need not become excited or bring before the jury their personal opinions.

3. SAME—EMBEZZLEMENT—INTENT.

   The court's instructions to the jury were not erroneous, in stating that an intent to defraud is necessary to constitute embezzlement, when the jury were also instructed that the defendant was guilty if he converted funds of his employer to his own use with felonious intent.

4. SAME—COMPLAINING WITNESS.

   Failure of the complaining witness, who was engaged in business under a fictitious name, to register in the county clerk's office as required by Act No. 101, Pub. Acts 1907, does not constitute a defense to a criminal charge.

Exceptions before judgment from the recorder's court of

Detroit; Phelan, J.   Submitted April 30, 1909.   (Docket No. 119.)   Decided June 7, 1909.

Maxmillian Wolff was convicted of embezzlement. Affirmed.

*Sellers, Kelley & Sellers* (*Cassius Hollenbeck,* of counsel), for appellant.

*Philip T. Van Zile,* Prosecuting Attorney, and *Fred H. Aldrich,* Assistant Prosecuting Attorney, for the people.

MOORE, J.  An information was filed charging respondent with the embezzlement of $67 from Charles B. Wagstaff, doing business as the City Coffee & Spice Mills. The respondent was convicted of the embezzlement of $37.95.   The case is brought here before judgment.

The respondent was in the employ of Mr. Wagstaff, who claims that during the employment the respondent embezzled the money as charged in the information.   The respondent claims that Mr. Wagstaff did not allow him commissions to which he was entitled, particularly on a sale of peanuts made to the manager of Bennett Park, and that respondent withheld the money to obtain a settlement with Mr. Wagstaff, and that he had no intention to embezzle the money.   It is claimed the court should have directed a verdict for the respondent because the fund in respondent's hands was one in which he had a joint interest.   This claim ignores the testimony of Mr. Wagstaff, to the effect that the respondent "was to receive his pay from me after the bills were collected and the money turned over to me."

Complaint is made as follows.   We quote from the brief:

"In the introductory portion of the charge of the court to the jury, after criticising the closing argument of counsel for defendant at some length, the court said:

" 'The people of this State have charged this defendant with a crime, and there is no necessity for any person connected with the trial of this case to become excited or to become angered, or to endeavor to force or bring before you their personal opinion of whether he is guilty or not guilty.' "

It is said the accused had a right to be represented by counsel and to have his case argued in the style of said counsel, and that the counsel had the right to impress the jury with his belief in the innocence of his client. The record does not contain the argument of counsel, but it may be said as a general statement that it is the duty of the judge to direct and control the progress of the trial. We cannot say the language used by the court was not proper language for him to use in view of the argument made by counsel. We again quote from the brief:

"The court erred in charging the jury: ' In other words, the gist of the offense of embezzlement is the breach of trust.' A mere breach of trust is no crime, there must be coupled with it the intent to defraud to make it a crime. ' In embezzlement, as in most crimes, the essence of the offense or that which makes it criminal is the intent with which the act is done' "—also citing other authorities.

A fair impression of the charge is not given by taking the isolated sentence quoted above. In that connection the jury were instructed:

" In order to constitute the offense of embezzlement, it must distinctly appear, gentlemen of the jury, that Wolff acted with felonious intent and made an intentional wrong disposal of the money that he collected for Mr. Wagstaff while in Mr. Wagstaff's employ. An intent to convert funds to one's own use is a necessary element in embezzlement, and as such is a question of fact for you to find from all the evidence, with all the circumstances attending or surrounding the case. * * * I charge you that the mere failure to pay over money by an agent to his principal after the agent has collected or received it for and on account of his principal does not of itself constitute the crime of embezzlement, nor does the conversion of it by the agent to the agent's own use after reception or collection by the agent and failure to pay it over to his

principal constitute the crime of embezzlement under the law of the State. There must be a felonious intent, as I said in the opening of my charge. There must be a felonious intent upon the part of the defendant at the time of the conversion to appropriate it to his own use to deprive the owner of it."

The same proposition was stated in various forms.

We again quote from the brief:

"Complaint is made that the court did not bring to the attention of the jury the necessity of the prosecution showing complaining witness, Wagstaff, who was doing business under the assumed name of the City Coffee & Spice Mills, was from February 1, 1908, to June 1, 1908, legally registered in the county clerk's office as required by Act No. 101, Pub. Acts 1907. No such proof was made. It was a part of the people's direct case to show the complaining witness a legally constituted prosecutor, and not a violator of the law, guilty of a misdemeanor, in the right he was endeavoring to enforce."

We do not think this contention is well taken. Even though Mr. Wagstaff may have failed to comply with the law, it would not justify the respondent in violating the law or excuse him from its penalties.

Complaint is made of other portions of the charge. It may be said that some of the language quoted by counsel might well have been omitted, but the theory of the respondent and his counsel was fully and at great length submitted to the jury. We do not find any reversible error. The case will be remanded and the trial judge will proceed to judgment.

Affirmed.

MONTGOMERY, OSTRANDER, HOOKER, and BROOKE, JJ., concurred.